UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DAVY COMBS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>        Respondent. | Case No.:  23-cv-1845-JO-SBC<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

  Petitioner Patrick Davy Combs filed this case seeking to enjoin the federal government from collecting his taxes.  Respondent United States filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  For the reasons below, the Court grants Respondent's motion to dismiss.

///

///

///

///

///

## I. BACKGROUND

On October 6, 2023, Petitioner filed a petition for a writ of mandamus and requested that the Court enjoin the Internal Revenue Service ("IRS") from collecting his 2010, 2011, and 2012 federal income taxes. *See generally* Dkt. 1 ("Complaint"). Petitioner claims that, by collecting these taxes, the IRS is violating his First, Fourth, and Sixteenth Amendment rights[1] as well as certain federal statutes.[2] *See generally id*. While he challenges the IRS's authority to collect these taxes on the above grounds, he does not argue in his briefing that collection would pose an undue financial hardship, nor does his complaint include facts indicating such a burden. *See generally id.*; Dkt. 16.

Before initiating this action, Petitioner had already unsuccessfully challenged the IRS's assessment of his 2010, 2011, and 2012 tax liabilities in the U.S. Tax Court as well as before the Ninth Circuit. *See Combs v. Comm'r*, T.C. Memo 2019-96; *Combs v. Comm'r*, 859 F. App'x 807 (9th Cir. 2021). In 2019, the Tax Court concluded that Plaintiff owed additional income taxes for the years 2010, 2011, and 2012, and that he was subject to penalties for (1) failing to timely file his taxes, (2) filing inaccurate tax returns, and (3) litigating a frivolous tax argument. *See generally* T.C. Memo 2019-96. On September 23, 2021, the Ninth Circuit affirmed the Tax Court's rulings in a memorandum opinion. *See Combs*, 859 F. App'x 807. In the instant case, Petitioner appears to challenge again the government's tax assessment for the same years—2010, 2011, and 2012. *See generally* Complaint (failing to specify the tax years at issue but making frequent reference to the

---

[1] Specifically, Petitioner appears to argue that (1) his First Amendment religious freedoms were violated because money which he received as a member of an "integrated auxiliary" of a church was wrongfully taxed as personal income; (2) his Fourth Amendment rights were violated because the U.S. Tax Court, in Petitioner's earlier challenge to his tax liabilities, ordered him to produce unspecified private documents; and (3) the IRS's tax collection violates the Sixteenth Amendment because the Sixteenth Amendment only authorizes excise taxes which are not applicable to individual persons. *Id.* at 2, 4, 14-18.

[2] Petitioner claims the IRS violated the following statutes through its collection efforts: (1) 18 U.S.C. § 666; (2) 26 U.S.C. § 7214; and (3) 18 U.S.C. § 242. *Id.* at 3, 6, 7.

Tax Court proceedings that adjudicated his tax liabilities for 2010 to 2012); Dkt. 16 ("Petitioner's Opposition") (attaching documents from the Tax Court proceedings in support of his claim to enjoin the IRS's collection efforts).

In response to Petitioner's complaint, Respondent filed this motion to dismiss on December 13, 2023. Dkt. 7. On January 9, 2024, Petitioner requested the Court take judicial notice of the text of Section 5596 of Congress' 1874 & 1878 Revised Statutes at Large.[3] Dkt. 13. Before the Court ruled on this request for judicial notice, Petitioner appealed and followed up with a motion to stay this case until the Ninth Circuit rules on his request for judicial notice. Dkts. 20, 22. On March 27, 2024, the Ninth Circuit denied Petitioner's appeal. Dkt. 24.

## II. LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In challenging jurisdiction, a defendant may bring either a facial attack on jurisdiction by challenging the pleadings alone or a factual attack by introducing evidence showing no jurisdiction exists. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on such an attack, courts only consider the allegations in the light most favorable to the plaintiff and do not consider extrinsic evidence of jurisdictional facts. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint, and it need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly

---

[3] Petitioner claims that the relevant part of this statute reads "all acts of Congress passed prior to said last-named day no part of which are embraced in said revision, shall not be affected or changed by its enactment." Dkt. 13.

brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

### III. DISCUSSION

Respondent seeks to dismiss Petitioner's Complaint on three grounds: (1) the Court does not have subject matter jurisdiction over this case pursuant to the Anti-Injunction Act ("AIA"); (2) Petitioner's claims are precluded by the doctrine of *res judicata*; and (3) Petitioner has failed to state valid claims for relief. The Court will first consider whether the AIA bars the Court from hearing this action and then determine if it needs to address the government's second and third alternative arguments for dismissal.

The Court first considers whether the Anti-Injunction Act bars its exercise of subject matter jurisdiction over this case. Courts generally lack subject matter to hear cases to enjoin the IRS's collection activities. *See* 26 U.S.C. § 7421(a). Pursuant to the AIA, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id.*; *see Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990). There is a judicially created exception[4] to this rule which grants a court subject matter jurisdiction to enjoin tax collection when (1) the government cannot prevail on the merits of its collection efforts under any circumstances and (2) there is grounds for equitable relief. *Church of Scientology of California v. United States*, 920 F.2d 1481, 1485 (9th Cir. 1990) (quoting *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976). A petitioner must satisfy both elements in order for the exception to apply. *See Alexander v. Americans United Inc.*, 416 U.S. 752, 758 (1974).

The first prong considers whether there is *any* basis in fact for the government's tax assessment. *Shapiro*, 424 U.S. at 629. "'Only if it is manifest, under the most liberal view

---

[4] There are also several statutory exceptions to this rule that are codified at 26 U.S.C. §§ 6015(e); 6212(a) and (c); 6213(a); 6232(c); 6330(e)(1); 6331(i); 6672(c); 6694(c); 7426(a) and (b)(1); 7429(b); and 7436. Plaintiff does not allege in his complaint or argue in his opposition brief that any of these statutory exceptions apply. *See generally* Dkts. 1, 16.

of the law and the facts, that the government cannot prove its claim' is the first part of the test satisfied." *Church of Scientology*, 920 F.2d at 1486 (quoting *Thrower v. Miller*, 440 F.2d 1186, 1187 (9th Cir. 1971)).  The taxpayer bears the burden of demonstrating that the government's position is baseless. *Church of Scientology*, 920 F.2d at 1486.  Courts have held that taxpayers cannot satisfy this burden when the government has already prevailed on the merits of its assessment before the U.S. Tax Court or the Ninth Circuit. *See Holdner v. Comm'r of Internal Revenue*, No. 3:16-CV-00475-BR, 2016 WL 6902399, at *5 (D. Or. Nov. 23, 2016), *aff'd* sub nom. *Holdner v. United States*, 698 F. App'x 390 (9th Cir. 2017) ("Plaintiff cannot establish the United States will not prevail on the merits of this matter under any circumstances because the IRS has already prevailed in Tax Court and in the Ninth Circuit on the issues raised in Plaintiff's claim."); *In re Carey*, No. ADV.PRO. 09-2632, 2010 WL 5600987, at *6 (B.A.P. 9th Cir. Nov. 30, 2010), *aff'd*, 481 F. App'x 422 (9th Cir. 2012) ("[Petitioners] have not shown that the United States could not prevail.  In fact, the United States prevailed on appeal as to the [Petitioners'] federal income tax liabilities.").

The second prong of the judicial exception focuses on whether there are equitable reasons for a court to exercise jurisdiction over a petitioner's request to enjoin tax collection.  "To establish equitable grounds for an injunction, the taxpayer must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury." *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). "[I]rreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Az. Dream Act Coal. v. Brewer*, 855 F.3d 957, 978 (9th Cir. 2017).  For someone alleging the wrongful collection of taxes, the ability to pay first and sue for a refund later constitutes an adequate legal remedy unless upfront payment would wreak severe financial harm. *Church of Scientology*, 920 F.2d at 1488–89 (holding that, even where plaintiff challenges tax collection on constitutional grounds, a refund suit provides an adequate remedy at law); *cf. Jensen*, 835 F.2d at 128 (finding that plaintiff had

no adequate remedy at law and would suffer irreparable harm because collection efforts would have left him with $144 per month to support a family of five).

Here, Petitioner seeks to enjoin the collection of his taxes without satisfying the elements of the judicial exception that would permit this Court to exercise jurisdiction over his request. Petitioner has neither pled nor demonstrated with relevant evidence[5] that the government cannot, "under the most liberal view of the law" establish that its tax assessments are valid. *Church of Scientology*, 920 F.2d at 1486; *see generally* Complaint. In fact, the government has already prevailed on its assessment of Petitioner's 2010, 2011, and 2012 tax liabilities before the Tax Court as well as the Ninth Circuit. *See Combs*, T.C. Memo 2019-96; *Combs*, 859 F. App'x 807. Because the government has already prevailed on the merits of its tax assessments for the relevant years and because Petitioner has not demonstrated that the government cannot prevail in this current suit, the Court finds that the first prong of the judicial exception has not been met. *See Holdner*, 2016 WL 6902399, at *5; *In re Carey*, 2010 WL 5600987, at *6; *Church of Scientology*, 920 F.2d at 1486. He, therefore, does not qualify for the judicial exception to the AIA, which requires a petitioner to satisfy both elements.

Moreover, Petitioner has failed to show that he is entitled to equitable relief. He retains the option to sue for a refund and challenge the constitutionality of his tax assessment at that time. *See Church of Scientology*, 920 F.2d at 1488–89 (finding that a refund suit provides an adequate remedy at law for a Petitioner who challenges tax collection on constitutional grounds). Such a refund suit provides an adequate remedy at law for Petitioner because he has not pled or otherwise established that upfront collection would pose an immediate financial hardship or cause him other irreparable injury. *See*

---

[5] Petitioner attached two documents to his opposition to Respondent's motion to dismiss. The first is an excerpt from his motion to reconsider in the Tax Court proceedings, and the second is an excerpt from the Tax Court's original ruling. Dkt. 16 at 17-20. While these two documents show why Petitioner believes the Tax Court's ruling was inaccurate, they do not demonstrate that the IRS cannot, under any circumstances, prevail on the merits of its assessments, as required to satisfy the first element of the judicial exception. *Church of Scientology*, 920 F.2d at 1486.

*Jensen*, 835 F.2d at 128 (finding irreparable injury where a tax levy prevents the petitioner from being able to afford necessities of life).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Respondent's motion to dismiss. Dkt. 7.  The Court DENIES AS MOOT Petitioner's request for judicial notice because the Court considers all relevant statutory authority and applies it as appropriate.  Dkt. 13.  Further, the Court DENIES AS MOOT Petitioner's motion to stay the case pending appeal, Dkt. 20, because the Ninth Circuit has already denied his appeal.  Dkt. 24.  The Clerk of the Court is DIRECTED to close this case.

**IT IS SO ORDERED**.

Dated:  May 28, 2024

_____
Honorable Jinsook Ohta
United States District Judge